**James F. BAKER, Plaintiff,**

v.

**UNDERWOOD'S HAIR ADAPTION PROCESS, INC., et al., Defendants.**

Civ. A. No. 79–1515–C.

United States District Court,
D. Massachusetts.

May 20, 1980.

Dante G. Mummolo, Boston, Mass., for plaintiff.

## MEMORANDUM

CAFFREY, Chief Judge.

The file of this case indicates that the complaint was filed on August 1, 1979 and that a summons and a copy of the complaint were served on defendants on January 14, 1980. It further appears that no answer or other responsive pleading was ever filed on behalf of any defendant and the time for so doing has long since expired. The defendants have been defaulted and the matter came before the Court for hearing on plaintiff's motion for assessment of damages.

At the hearing plaintiff, James F. Baker testified that he is a 37 year old high school mathematics teacher. Mr. Baker stated that in 1978 he was partially bald and read a newspaper advertisement for the Underwood's Hair Adaption Process, Inc. This advertisement was admitted into evidence. Thereafter, Mr. Baker contacted defendants and received a letter which represented in substance that his baldness could be eliminated by the defendants' insertion of synthetic hair directly into plaintiff's scalp.

Mr. Baker on June 27, 1978 entered into a contract with Underwood's Hair Adaption Process, Inc., under the term of which he agreed to pay defendants $3,400 for the implantation of synthetic hair. He went to New York City on August 6, 1978 and on August 7, 1978 he was subjected to an "operation" which he testified consisted primarily of a sewing process which was very painful. Thereafter he sustained considerable pain, his head became swollen, his face became discolored, and his eyes were almost closed for a few days. Approximately a month later he observed a large number of pimples on his scalp, and he testified that a prescription that had been given him by defendant was used by him with no visible results. His condition thereafter worsened and his attempts to communicate in writing with defendants were returned to him marked "return to sender." Plaintiff further testified that he was unable to reach defendants by telephone.

He thereafter consulted his family doctor who referred him to a dermatologist and the dermatologist later referred him to a plastic surgeon. In April of 1979 the plastic surgeon removed the synthetic hair while

the plaintiff was at the Norwood, Massachusetts Hospital. The plastic surgeon, Dr. James O'Brien, also found it necessary to perform a skin graft. This procedure involved transferring skin from plaintiff's right thigh to his scalp. In April 1979, Mr. Baker testified that this graft was only 70% successful, that it healed slowly, and necessitated his having his head bandaged for the remainder of the 1978–1979 school year.

Plaintiff testified as to his embarrassment, his inability to go out in public unless he wore a wig, and he testified as to the limitation to a number of activities caused by the condition of his scalp, particularly in the area of social and athletic activities. In the course of his testimony, Mr. Baker testified at length as to the physical pain and suffering and the humiliation and embarrassment he has suffered and will continue to suffer for an indefinite period. The record of the Norwood Hospital was admitted into evidence and it details the treatments administered to plaintiff by Dr. O'Brien and corroborates plaintiff's testimony.

On the basis of the exhibits and testimony adduced at the hearing on damages, I find that fair compensation to plaintiff for his medical expenses, pain, suffering, embarrassment and humiliation is the sum of $150,000.00.